UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BLAKE L. ANDERSON, | Case No. 3:18-cv-00486-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF LAS VEGAS, *et al.*, | |
| Defendants. | |

Plaintiff Blake L. Anderson asserts claims under 42 U.S.C. § 1983 against the City of Las Vegas, the State of Nevada, and the judge, the deputy district attorney and the deputy public defender involved in a criminal case where the presiding judge denied pretrial release. (ECF No. 1-1 at 3-5.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 10), recommending that the Court grant Plaintiff's application to proceed *in forma pauperis* ("IFP Application") and dismiss this action without prejudice and without leave to amend. Plaintiff had until October 1, 2019 to file an objection. On October 3, 2019, Plaintiff filed a document titled "Answer to Order to Show Cause" (ECF No. 11), which the Court will construe as his objection to the R&R. The Court agrees with Judge Carry and will adopt the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). Indeed, the Ninth

Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Judge Carry found that Plaintiff's complaint challenges his state court criminal proceedings, but under *Heck v. Humphrey,* 512 U.S. 477 (1994), Plaintiff must first establish that the underlying conviction or sentence has been invalidated. (ECF No. 10 at 4-5.) While it is not clear whether Plaintiff has been convicted since his allegations involved the state judge's denial of bail, the *Heck* doctrine applies to cases where criminal charges are pending. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) ("[A] § 1983 Fourth Amendment claim alleging illegal search and seizure does not accrue under *Heck* until the criminal charges have been dismissed."), *overruled in part on other grounds by Wallace v. Kato,* 549 U.S. 384, 393-394 (2007). Plaintiff's § 1983 claims are not cognizable under *Heck* until his criminal case is dismissed or if convicted, the conviction has been rendered invalid. The Court thus agrees with Judge Carry and overrules Plaintiff's objection.

It is therefore ordered that Judge Carry's Report and Recommendation (ECF No. 10) is adopted in full.

It is ordered that Plaintiff's IFP Application (ECF No. 1) is granted.

It is further ordered that the Clerk detach and file the Complaint (ECF No. 1-1).

///

It is further ordered that the Complaint is dismissed without prejudice and without leave to amend.

It is further ordered that Plaintiff's motion for screening (ECF No. 1-2) is denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 29th day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE